## 36613. CRAVER v. THE STATE.

UNDERCOFLER, Chief Justice.

Craver appeals his conviction and life sentence imposed for the murder of his 16-year-old girl friend.

Evidence was presented by the State authorizing the jury to find that the appellant walked into the apartment of his brother and shot the girl twice with a pistol as she braided his brother's hair. The brother testified as to the shooting, as did his wife. Appellant walked into the police station a short while after the shooting and told the jailer that he had shot a girl. He also testified at trial to having an argument with the victim, putting a pistol into his pocket, carrying it to his brother's apartment and loading it there. However, he testified he could not remember all the details of the incident because he was upset "and all out of my head." Additionally, investigators obtained a .25 caliber pistol from the appellant's mother's apartment and testified that two bullets recovered from the victim had been fired by the gun.

Appellant does not argue the general grounds. However, the evidence is ample to authorize a rational trier of fact to find him guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

1. Appellant asserts as his first enumeration that the trial court committed reversible error in overruling his motion for a mistrial made after his statement to the jailer was introduced into evidence without the court first having held a Jackson-Denno hearing.

According to the transcript the jailer testified: "Well, Willie came in and told me he had shot a girl, and I asked him, I said, did you kill her. He said, I don't know. I said, do you have the weapon. He said,

no it wasn't mine; I threw it away. I told him to sit behind the door; I searched him, and I locked him up."

Appellant's counsel, outside the presence of the jury, then moved for a mistrial on the grounds that the testimony by the jailer amounted to a confession by the defendant, stating "we did not have a Jackson versus Denno hearing on it; it came out, and I believe that it was a confession and we would move for a mistrial on those grounds, not having a Jackson v. Denno hearing on it." Appellant did not otherwise challenge the voluntariness of the statement.

In Jackson v. Denno, 378 U. S. 368, 376 (84 SC 1774, 12 LE2d 908) (1964), the United States Supreme Court held that a defendant has a "constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination of the issue of voluntariness, a determination un- influenced by the truth or falsity of the confession." We held in *Strickland v. State,* 226 Ga. 750 (177 SE2d 238) (1970), that where the voluntariness of a confession is questioned it is necessary under the decision of Jackson v. Denno, supra, to have a separate hearing as to the voluntariness before it is finally presented to the jury for consideration.

In *Watson v. State,* 227 Ga. 698, 700 (182 SE2d 446) (1971), we noted that a requirement for a hearing on the issue of voluntariness applies only if the evidence presents a fair question as to its voluntariness. No such question is presented in this case: There is no evidence whatsoever in the record and no offer of proof that appellant's statements to the jailer were anything but voluntary. Moreover, the appellant admitted the substance of his statements to the jailer when he took the stand in his own defense. Appellant can show no harm in the lack of a Jackson-Denno hearing and the trial court did not commit reversible error in denying appellant's motion for mistrial.

2. Appellant contends that his statement to the jailer should not have been introduced because he had not been advised of his rights as required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The Miranda decision requires a defendant to be advised of his rights prior to custodial interrogation. Appellant cites no authority, nor do we find any holding that the rules in Miranda apply to self-initiated, voluntary, non-custodial statements. There is no merit to the enumeration.

3. Appellant's third enumeration of error, that the State failed to prove venue of the crime, is without merit. The trial transcript discloses that the testimony of the two witnesses sufficiently established venue.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 29, 1980 — DECIDED OCTOBER 2, 1980.

*Carlisle & Newton, John T. Newton, Jr.,* for appellant.
*Ben J. Miller, District Attorney, Pascal English, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Assistant Attorney General,* for appellee.