## 42339. PARKER v. THE STATE.
(336 SE2d 242)

WELTNER, Justice.

Appellant, Byran Ashley Parker, was convicted in Douglas County of murder and rape. Parker was sentenced to death on the recommendation of the jury, which found that the murder was committed while the offender was engaged in the commission of the offenses of rape and kidnapping with bodily injury and that the murder was outrageously or wantonly vile, horrible or inhuman in that it in-

volved torture, depravity of mind, and an aggravated battery to the victim. See OCGA § 17-10-30 (b) (2) and (b) (7). For reason discussed below, we remand the case to the trial court for further proceedings regarding the admissibility of Parker's statements.

1. Prior to trial, Parker filed a motion challenging the admissibility of his confession(s) on Fourth, Fifth, and Sixth Amendment grounds. He alleged that the statements were involuntary, being the product of coercion and having been induced by promises of benefit. See, e.g., *Minnesota v. Murphy*, ___ U. S. ___ (104 SC 1136, 79 LE2d 409) (1984); OCGA §§ 24-3-50 and 24-3-51; *State v. Summers*, 173 Ga. App. 24 (2) (325 SE2d 419) (1984). He further alleged that they were the product of an illegal search and an illegal arrest. See *Devier v. State*, 253 Ga. 604 (7) (323 SE2d 150) (1984). And he claimed that he was interrogated after he had invoked his right to counsel. See *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981); *Smith v. Illinois*, ___ U. S. ___ (105 SC 490, 83 LE2d 488) (1984); *Wyrick v. Fields*, 459 U. S. 42 (103 SC 394, 74 LE2d 214) (1982); *Berry v. State*, 254 Ga. 101 (1) (326 SE2d 748) (1985); *Ross v. State*, 254 Ga. 22 (3) (326 SE2d 194) (1985).

After a hearing, the trial court, without explanation, simply denied the motion.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. [Cits.]" 254 Ga. at 104. However, there is in this case "no actual ruling or finding in the record showing that the trial judge determined the voluntariness of the confession. Although he admitted it into evidence, it appears that he [may have decided only that] . . . 'it was a question for the jury to determine on conflicting evidence whether the alleged confession was freely and voluntarily made.'" *Sims v. Georgia*, 385 U. S. 538, 541 (87 SC 639, 17 LE2d 593) (1967). See Transcript, Hearing of October 18 and 19, p. 232.

In other respects, the court's rulings are unclear.[1] We find it necessary, therefore, to remand this case for clarification, after further hearings, if necessary,[2] as to the admissibility of any statements or confessions made by Parker. *Berry v. State*, supra; *Cofield v. State*, 247 Ga. 98 (4) (274 SE2d 530) (1981).

---

[1] Trial transcript at 273. The court's comment about the search may be viewed as a finding that the search was not improper, or it may just as easily be construed as an erroneous finding that it made no difference. *Devier v. State*, supra. See also transcript at 259. If Parker had been coerced into taking a polygraph examination, then subsequent admissions might be irredeemably tainted. See, e.g., *Oregon v. Elstad*, 470 U. S. ___ (105 SC 1285, 84 LE2d 222) (1985); *Smith v. State*, 132 Ga. App. 491 (208 SE2d 351) (1974).

[2] The trial court circumscribed to some extent the evidentiary presentation by both sides regarding the circumstances leading to the first confession.

2. In his fifth enumeration, Parker complains that during recesses from the lengthy voir dire proceedings, he was placed into a holding cell while prospective jurors stood in the hallway, watching.

In view of threats that had been made on Parker's life, the trial court did not err by attempting to ensure the defendant's safety. *Allen v. State*, 235 Ga. 709, 711 (221 SE2d 405) (1975). Moreover, it has not been shown that any of the jurors selected to try the case saw Parker being placed into the cell, or viewed him inside the cell.

3. As to enumeration 6, in view of the remedial action taken by the trial court, we find no error in its refusal to disqualify four jury panels on the basis of a comment made by one prospective juror, which was given in response to a defense question seeking to ascertain what the prospective juror knew. *Wilson v. State*, 250 Ga. 630 (6) (300 SE2d 640) (1983).

4. Contrary to Parker's contentions in enumeration seven, no error occurred when a photograph of the victim's body was admitted in evidence. *Felker v. State*, 252 Ga. 351 (10b) (314 SE2d 621) (1984).

5. In his ninth enumeration, Parker contends the evidence is insufficient to support the conviction for rape. We find that Parker's admission that he raped the victim, although subsequently retracted, was sufficiently corroborated by the position of the body, the lack of clothing, and the testimony of the medical examiner concerning the trauma to the vaginal area, so that a rational trier of fact could find from the evidence presented that Parker was guilty of rape. Although not addressed on appeal by the parties, we also find that the evidence supports the murder conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. By way of a supplemental brief, Parker has added enumerations of error numbered fifteen and sixteen, and has submitted argument, for the first time, in support of fourteenth enumeration. See Rule IV (B) (2) of the Unified Appeal Procedure, 252 Ga. A-13 et seq. Because this case must be remanded in any event, we will defer our consideration of these enumerations until such time as the case may reappear before us. Nor will we address at this time the remaining enumerations of error, which affect only the sentencing phase of the trial. *Cofield v. State*, supra.

7. Accordingly, the case is remanded for proper findings of fact and conclusions of law regarding the matters discussed in Division 1 of this opinion. If it is determined that a new trial is unnecessary, then, upon completion of the proceedings on remand, the case shall be presented again to this court for resolution of any remaining issues and any additional issues that might be presented by the judgment on remand.

*Remanded for further proceedings. All the Justices concur.*

DECIDED NOVEMBER 19, 1985.

*Edwards & Krontz, Kenneth W. Krontz,* for appellant.

*Frank C. Winn, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.