## 42382. HICKS v. THE STATE.
### (340 SE2d 604)

BELL, Justice.

Appellant Bruce Anthony Hicks was convicted and sentenced for the shotgun murder of Nowen Williams and for possession of a firearm while a convicted felon.[1] He appeals, raising seven enumerations of error.

1. In his first and second enumerations appellant contends that a statement which he gave to police investigators was admitted into evidence in violation of his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel. The statement concerned a melee which preceded the murder; in the statement appellant said that after the victim had threatened to "call the law," the appellant had ripped a telephone off the wall of the victim's residence because the appellant "couldn't afford to have the law come down to the property because of two stolen cars that were there."[2]

We find that we are unable to review these enumerations at this time. Our review of the record shows that the trial court held a pretrial hearing concerning the admissibility of the statement, but that although the court appears to have implicitly denied the defendant's motion to suppress, the court neither expressly denied the motion nor explained its ruling. " 'Unless clearly erroneous, a trial court's finding as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. (Cits.)' [Berry v. State,]

---

[1] The crimes were committed on November 7, 1984. Appellant was indicted for the offenses of malice murder and convicted felon in possession of a firearm, OCGA § 16-11-131, by the Bartow Superior Court grand jury for the October 1984, term of court. On February 27, 1985, he was found guilty of both crimes, and the court entered consecutive sentences of life for the murder and five years for the possession of a firearm.

The defendant did not move for a new trial. On March 12, 1985, he filed a notice of appeal to the Court of Appeals. On April 11, 1985, the court reporter certified the transcript as ready. On May 22, 1985, the appeal was docketed in the Court of Appeals, which transferred to this court. The appeal was docketed in this court on May 23, 1985. On July 5, 1985, the appeal was submitted for decision based on briefs without oral argument.

[2] (T-329). The quotation is from testimony by F. E. Brooks, an investigator with the City of Atlanta Police Department.

254 Ga. [101 (1)] at 104 [(326 SE2d 748) (1985)]. However, there is in this case 'no actual ruling or finding in the record showing that the trial judge determined the voluntariness of the confession. Although he admitted it into evidence, it appears that he (may have decided only that) . . . "it was a question for the jury to determine on conflicting evidence whether the alleged confession was freely and voluntarily made." ' *Sims v. Georgia*, 385 U. S. 538, 541 (87 SC 639, 17 LE2d 593) (1967). . . ." *Parker v. State*, 255 Ga. 167, 168 (1) (336 SE2d 242) (1985).

We therefore find that it is necessary to remand this case for clarification as to the admissibility of any statements or confessions by Hicks. *Parker*, id. See also in this regard fn. 6 of *Berry v. State*, supra, 254 Ga. at 104-105.

2. In his third enumeration appellant contends that the introduction of the above statement was erroneous for the additional reason that it impermissibly placed his character in issue. Inasmuch as this case is to be remanded on the *Jackson v. Denno* issue, we defer consideration of this enumeration until such time as this case is redocketed in this court.

3. Eyewitness Wilda Sargent, the appellant's niece, testified that Hicks had threatened to kill her and her grandmother (the victim's wife) if they did not testify as he desired. In his fourth enumeration, Hicks argues that Sargent's testimony concerning those threats impermissibly placed his character in issue.

This enumeration presents no error. The witness' testimony was admissible to rebut testimony by appellant in which he denied having made the threats in question. *Williams v. State*, 171 Ga. App. 927 (2) (321 SE2d 423) (1984).

4. Appellant complains, in his fifth enumeration, of the admission into evidence of two photographs, State's Exhibits 29 and 30, which depicted the victim, lying in his residence with his head partially blown away. Hicks contends that the inflammatory effect of the photographs outweighed their evidentiary worth, and that the situation they depicted had been altered before the pictures were taken.

We find no error. "Both photographs are relevant and material and do not violate the rule in *Brown v. State*, 250 Ga. 862, 866 (302 SE2d 347) (1983)." *Lingerfelt v. State*, 255 Ga. 180, 181 (1) (336 SE2d 250) (1985). Accord *Hill v. State*, 254 Ga. 213 (2) (326 SE2d 757) (1985).

5. Contrary to Hicks' sixth enumeration, the trial judge's instructions to the jury adequately covered the principle of voluntary manslaughter, and he did not err by refusing to give the charge which was requested by Hicks.

6. In his final enumeration Hicks raises the general grounds. We find that the evidence was sufficient to convince any rational trier of

fact of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

For the reasons stated in Division 1, supra, this case is remanded for proper findings of fact and conclusions of law. If the trial court rules that a new trial is not required, then the defendant may appeal from that judgment, in which event the case shall be redocketed in this court for resolution of any remaining issues and any additional issues which might be presented by the judgment on remand.

*Remanded for further proceedings. All the Justices concur.*

DECIDED MARCH 11, 1986.

*Neel & Smith, William A. Neel, Jr.,* for appellant.
*Darrell E. Wilson, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.