## 43511. HICKS v. THE STATE.

(347 SE2d 589)

GREGORY, Justice.

Hicks was convicted of murder and possession of a firearm by a

convicted felon.[1] His first appeal was remanded for a clarified ruling on admissibility of certain statements made by Hicks to police. *Hicks v. State*, 255 Ga. 503 (340 SE2d 604) (1986). We find the trial court properly admitted the statements, and affirm the convictions.

Hicks lived with his sister and her family in a trailer home in Bartow County. Another trailer home occupied by Nowen Williams, his wife Mary and his stepson James Sargent was located nearby on the same property. On November 7, 1984, Hicks and Sargent engaged in a heated argument about the handling of hogs. Sargent picked up a telephone near the entrance of the Williams trailer and told Hicks he was going to call "the law." Hicks then ripped the telephone off the wall. Nowen and Mary Williams became embroiled in a physical scuffle with Hicks, who fled the trailer bleeding. Hicks went to his sister's trailer and obtained a shotgun, with which he later killed Williams.

Hicks was arrested by Bartow County deputies and advised of his *Miranda* rights. When an investigator tried to question him, Hicks said he did not want to answer without an attorney present.

The next day, Bartow police were contacted by two detectives from the Atlanta police auto theft squad. A week before the shooting, the detectives had talked to Hicks about several car thefts in Atlanta. Hicks was charged with the theft of some of the vehicles. The detectives had promised Hicks they would not charge him with several other thefts if he provided information leading to the recovery of the vehicles. Hicks agreed. Upon his release from jail, Hicks told the detectives he would contact them soon with the information. The Atlanta detectives learned about Hicks' incarceration in Bartow County when Hicks' father telephoned them.

Atlanta detectives F. E. Brooks and Wesley Derrick asked the Bartow County authorities if they could question Hicks about the car thefts. The Bartow County police agreed on condition there be no questions about the shooting. Hicks was brought into an interview room. Upon seeing the Atlanta detectives, Hicks said, "I really messed up." Detective Brooks then told Hicks they were interested only in information about stolen cars and did not want to hear any-

---

[1] The crimes were committed on November 7, 1984. Hicks was indicted by the Bartow Superior Court grand jury for the October 1984 term of the court. On February 27, 1985, Hicks was found guilty of both crimes, and the court entered consecutive sentences of life for the murder and five years for possession of a firearm. On March 12, 1985, Hicks filed a notice of appeal to the Court of Appeals. On April 11, 1985, the court reporter certified the transcript. On May 22, 1985, the appeal was transferred to this court, and docketed on May 23, 1985. On July 5, 1985, the appeal was submitted for decision based on briefs without oral argument. Four of seven enumerations of error were decided on March 11, 1986, while three were returned to the trial court for a clarified ruling. The trial court entered a ruling on April 10, 1986. Notice of appeal to this court was filed on April 17, 1986. The record was certified by the court reporter on May 9, 1986 and docketed in this court on May 13, 1986. The appeal was submitted for decision based on briefs on June 27, 1986.

thing about the shooting. Hicks spoke again about the shooting, and Detective Derrick repeated a warning to not discuss the incident. However, Hicks continued to tell the story of Williams' death. During his account, Detective Brooks again cautioned him to remain silent about the Bartow County incident.

At his trial, Hicks took the witness stand and gave his account of the shooting. Hicks claimed he fled the Williams' trailer after Williams fired at and grazed his head with a .22 caliber pistol. Hicks said he returned with a shotgun and shot Williams in self-defense after Williams fired at him again.

The State then called Detective Brooks in rebuttal. Brooks related the version of the shooting told to him by Hicks in the interview room. Brooks' version was basically the same as Hicks' testimony, including Hicks' contention that he fired the fatal shot in self-defense. The only material difference involved Hicks' motivation for ripping the telephone from the wall of the Williams' trailer. In his testimony, Hicks stated he snatched the phone "just out of reaction." According to Brooks' testimony, Hicks grabbed the phone because "he couldn't afford to have the law come down to the property because of two stolen cars that were there."

1. Hicks contends the trial court erred by admitting into evidence the statements made to the Atlanta detectives in violation of the 5th and 14th Amendments. Hicks argues the police did not follow procedures designed to protect his rights laid out in *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) and *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). We do not reach those issues.

Detective Brooks' testimony was offered in rebuttal to impeach Hicks' trial testimony. A prior inconsistent statement of a criminal defendant is admissible for the limited purpose of impeaching trial testimony of the defendant even though the prior inconsistent statement would otherwise be inadmissible due to *Miranda* violations in defendant's trial. *Oregon v. Hass*, 420 U. S. 714 (95 SC 1215, 43 LE2d 570) (1975); *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971). See also *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) (1986). The trial court here gave limiting instructions that the jury was not to consider Hicks' prior inconsistent statements as evidence to support the State's case-in-chief. *Scott v. State*, 243 Ga. 233 (1) (253 SE2d 298) (1979); *Jones v. State*, 243 Ga. 820, 825 (256 SE2d 907) (1979).

2. Hicks also contends the admission of statements made to the Atlanta detectives violates his 6th Amendment right to counsel. However, the 6th Amendment right to counsel does not attach until arraignment, which signals the initiation of adversary judicial proceedings. See *Michigan v. Jackson*, 475 U. S. ___ (106 SC 1404, 1407, 89 LE2d 631) (1986). Since Hicks had not been involved in any adver-

sary proceedings when he met with Atlanta police, his 6th Amendment right to counsel had not attached and was not infringed upon.

3. Hicks contends Detective Brooks' statement that he pulled the phone off the wall of Williams' trailer to prevent police from discovering stolen cars should have been ruled inadmissible as improperly placing his character in issue with evidence of a prior crime.

Evidence relevant to an issue in a case is not inadmissible because it incidentally puts the defendant's character in issue. *Davis v. State*, 249 Ga. 309 (1) (290 SE2d 273) (1982). Hicks' state of mind was in issue. He testified he snatched the phone off the wall as a mere reaction to the circumstances. This evidence indicated a state of mind consistent with self-defense. The out-of-court statement that the phone was snatched off the wall to prevent a call to the police is consistent with malice to support a murder conviction. The trial court did not err in admitting Brooks' statement.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Neel & Smith, William A. Neel, Jr.,* for appellant.

*Darrell E. Wilson, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.