77478. POUNDS v. THE STATE.
(377 SE2d 722)

POPE, Judge.

Defendant Johnnie Pounds appeals from his conviction and sentence for the offense of armed robbery.

1. Defendant first contends that the trial court erred in admitting his confession into evidence because it was induced by hope of benefit in violation of OCGA § 24-3-50. "The benefit which [defendant] insists was an inducement to confess was a reduction in his bond.

This argument fails for two reasons.

"First, the officer who took [defendant's] statement testified that it was [defendant] who first raised the notion of a reduction of bail bond. [Likewise, the defendant testified that he decided to 'lie on myself' so that he could get his bond reduced, be released and go home for a few hours to kill some hogs. The defendant also testified that the officer 'didn't ask me to lie on myself. I did it myself. He didn't ask me to do that.'] That being so, [defendant's] hope of benefit was not induced by another and would not serve to render his confession inadmissible. *Dickey v. State*, 157 Ga. App. 13 (1) (276 SE2d 75) [(1981)].

"Second, a hope of lighter punishment (induced by one other than the defendant) is usually the hope of benefit to which OCGA § 24-3-50 . . . refers. *Presnell v. State*, 241 Ga. 49 (5) (243 SE2d 496), revd. on other grounds, 439 U. S. 14 (99 SC 235, 58 LE2d 207) [(1978)]. In this case the only benefit involved was a reduction of bond. We find that to be in the same class of collateral benefits as were the promises of a solitary cell, a psychiatric examination and communication to the judge of the defendant's cooperation in *Presnell*. See OCGA § 24-3-51. . . ." (Punctuation omitted.) *Heard v. State*, 165 Ga. App. 252, 253 (300 SE2d 213) (1983). Consequently, this enumeration is without merit. Accord *Cooper v. State*, 256 Ga. 234 (2) (347 SE2d 553) (1986); *Hall v. State*, 180 Ga. App. 366 (1) (349 SE2d 255) (1986).

2. Defendant also asserts error in the prosecutor's waving in front of the defendant and the jury a document which, according to the defendant, contained evidence of past criminal activity. However, the record reveals that neither the document nor its contents were identified before the jury, that no testimony was elicited indicating the contents of the document and that the document was not introduced into evidence. This enumeration affords no basis for reversal.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 9, 1989.

*Robert H. Cofer II*, for appellant.
*Dennis C. Sanders, District Attorney*, for appellee.