A89A1152. HART v. THE STATE.
(389 SE2d 400)

CARLEY, Chief Judge.
Appellant was tried before a jury and found guilty of burglary and attempted rape. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

Appellant gave an inculpatory in-custody statement to the police. Pursuant to appellant's motion, the trial court conducted a *Jackson v. Denno* hearing to determine the voluntariness of the statement. At

the conclusion of the hearing, the trial court ruled that it would "admit the statement and let the jury make the ultimate determination as to whether or not it was freely and voluntarily given. The Court is going to find that [appellant] was advised of his constitutional rights. . . ." The sole enumeration is that, by so ruling, the trial court erroneously failed to make its own independent determination that appellant's in-custody statement was voluntary before admitting that statement into evidence.

There is serious doubt whether the trial court's ruling on the issue of the voluntariness of appellant's statement is procedurally deficient. The purpose of a *Jackson v. Denno* hearing is to allow "the trial court in the first instance, as a matter of law, and the jury, ultimately, as a matter of fact, to assure themselves of the voluntariness of a statement. . . ." *Farley v. State*, 145 Ga. App. 98, 100 (1) (243 SE2d 322) (1978). Here, the trial court *specifically* found that appellant had been advised of his constitutional rights and *expressly* held that the statement would be admissible for the jury's ultimate determination of whether appellant had given it voluntarily. Compare *Hicks v. State*, 255 Ga. 503 (1) (340 SE2d 604) (1986) (wherein the trial "court neither expressly denied the motion nor explained its ruling"); *Parker v. State*, 255 Ga. 167, 168 (1) (336 SE2d 242) (1985) (wherein "the trial court, without explanation, simply denied the motion"); *Berry v. State*, 254 Ga. 101, 104 (1) (326 SE2d 748) (1985) (wherein "the trial court did not expressly find" that the defendant had not invoked his right to counsel); *Cofield v. State*, 247 Ga. 98, 108 (4) (274 SE2d 530) (1981) (wherein the trial court itself made no clear determination of the disputed issue of voluntariness, merely a determination that the State's evidence alone had made a prima facie showing of voluntariness). It would certainly seem that here, as in *Sanders v. State*, 257 Ga. 239, 240 (1a) (357 SE2d 66) (1987), "[e]ven if the appellant is deemed not to have waived any objections to the specificity of the ruling by [his] failure to object thereto at the time of trial, . . . the conclusion of voluntariness appears from the record with unmistakable clarity, especially considering that the whole tenor of the hearing had been toward the issue of voluntariness."

However, even assuming that the trial court's ruling on the issue of the voluntariness of appellant's statement is not procedurally sufficient, an affirmance is nevertheless warranted in this case. A review of the transcript of the *Jackson v. Denno* hearing shows that there is *no* evidence which would authorize the trial court to find that appellant's statement was *not* voluntarily given, since such opposing evidence as appellant did adduce at that hearing would fail to show that his statement was involuntary. See generally *Pounds v. State*, 189 Ga. App. 809 (1) (377 SE2d 722) (1989); *Frymyer v. State*, 179 Ga. App. 391 (1) (346 SE2d 573) (1986). Thus, there is no reason to remand for find-

ings of fact as to the voluntariness of appellant's statement because no disputed question of fact relevant to that issue was ever raised and any ruling by the trial court other than to admit appellant's statement would be erroneous. "[A] requirement for a hearing on the issue of voluntariness [of a defendant's statement] applies only if the evidence presents a fair question as to its voluntariness. No such question is presented in this case: There is no [relevant] evidence whatsoever in the record and no offer of [relevant] proof that appellant's statements . . . were anything but voluntary." *Craver v. State*, 246 Ga. 467, 468 (1) (271 SE2d 862) (1980).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope and Benham, JJ., concur. Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The State concedes that such action was insufficient. This case should be remanded for appropriate findings by the court on this issue. *Parker v. State*, 255 Ga. 167, 168 (1) (336 SE2d 242) (1985); *Hicks v. State*, 255 Ga. 503, 504 (1) (340 SE2d 604) (1986); *Berry v. State*, 254 Ga. 101, 104 (1) (326 SE2d 748) (1985).

A number of factors requires it. First, the defendant was a nineteen-year-old soldier who was summoned to the Criminal Investigation Division of his unit where he was introduced to the police officer from Hinesville. An advice of rights form was read to him, which he signed. Hart initially was hesitant and reluctant to talk with the civilian officer and asked to speak alone with the CID officer first. That officer told him if he was innocent, as he claimed, he should talk to the police. He did not tell Hart he did not have to do so.

The waiver form correctly stated that "If you decide to answer questions without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer." Despite this, the Hinesville officer was of the opinion that he did not have to stop questioning in the face of a voiced desire to stop until a request for an attorney was made. Even this request by Hart was not enough, and the questioning continued, resulting in the suppression of a portion of the statement here at issue.

Hart said that during the questioning, the officer told him he could get Hart psychiatric help if he needed it, and that it would be possible for Hart to stay with his family. The officer did not deny making these promises, only lack of recollection as to them.

The lack of clarity of the court's initial ruling, as conceded by the State, along with the partial suppression of the statement for violation of constitutional rights, and the promises of benefit, require a remand. *Parker*, supra. While the promise of psychiatric help alone is

not hope of benefit, see *Pounds*, supra, it is coupled with the indication that Hart could remain with his family. This requires further consideration and a specific holding of voluntariness by the court.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED DECEMBER 5, 1989.

*Gary A. Sinrich*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.