## A93A0302. NELSON v. THE STATE.
(431 SE2d 464)

BLACKBURN, Judge.

The appellant, Diadra Nelson, was convicted of voluntary manslaughter and possession of cocaine in violation of the Georgia Controlled Substances Act. On appeal, she contends that the trial court erred in admitting into evidence a custodial statement and testimony about her drug use, and that the evidence was insufficient to support her conviction.

On June 14, 1991, Nelson had an altercation with her boyfriend. It is undisputed that the subject matter of the fight was crack cocaine, although who was using the drug was in conflict. Nelson, who denied ever using drugs, claimed that the argument arose over her demand that her boyfriend keep his supply of cocaine out of her apartment. However, another witness stated that she and Nelson had been smoking crack cocaine all that day, and that the fight developed when Nelson's boyfriend returned home and became irate over their using the drug without him. Nelson's father was present and tried to end the argument, but at some point Nelson retrieved a pistol from a bedroom and shot her boyfriend in the mouth. The boyfriend never regained consciousness and died 55 days later.

Before the police arrived at the scene, Nelson's father and another individual mopped up some of the blood on the floor, and Nelson placed the gun in a clothes hamper. Initially, the police were told that the gunshot injury was self-inflicted, but Nelson eventually claimed that the shooting was accidental, with the weapon having discharged when she was waving it in an attempt to make her boyfriend leave her alone. During their investigation of the scene, the police officers observed drug paraphernalia, cocaine residue, and empty vials on the dining table, and they found 49 hits of crack cocaine in a hallway storage area. The officers also removed crack cocaine from both front pockets of Nelson's pants. At the trial, Nelson denied having cocaine in her pockets, and explained that she had merely been holding in her hand some cocaine that had fallen out of her boyfriend's jacket pocket.

When Nelson retrieved the gun for the police during their investigation, the hammer was cocked and ready to fire again. At the trial, a firearms expert with the state crime lab testified that the gun was a high quality revolver which required approximately ten pounds of pressure pulling the trigger to cock the hammer. Once the hammer was cocked, three pounds of pressure were needed to fire the weapon.

1. On the evening of the incident, Nelson gave an inculpatory custodial statement to the police. Following a *Jackson v. Denno* hearing during which only the interrogating officer testified, the trial court admitted the statement into evidence without explaining its ruling

determining the voluntariness of the statement. Nelson contends that this omission requires remand of the case for clarification as to the admissibility of the custodial statement, as was done in *Parker v. State*, 255 Ga. 167 (1) (336 SE2d 242) (1985).

Generally, when a trial court denies a motion to suppress a custodial statement without explanation, remand is necessary for such clarification. *Parker v. State*, supra; *Hicks v. State*, 255 Ga. 503 (1) (340 SE2d 604) (1986). However, where "there is *no* evidence which would authorize the trial court to find that appellant's statement was *not* voluntarily given . . . there is no reason to remand for findings of fact as to the voluntariness of appellant's statement because no disputed question of fact relevant to that issue was ever raised and any ruling by the trial court other than to admit appellant's statement would be erroneous." *Hart v. State*, 193 Ga. App. 834, 835-836 (389 SE2d 400) (1989). See also *Craver v. State*, 246 Ga. 467 (1) (271 SE2d 862) (1980), in which the Supreme Court even found no error in the failure to conduct a *Jackson v. Denno* hearing where the defendant presented no evidence or offer of proof that his statement was not voluntary.

In the instant case, the testimony of the interrogating officer during the *Jackson v. Denno* hearing showed Nelson's statement to be voluntary, and Nelson presented no evidence whatsoever regarding the voluntariness of her statement. Under these circumstances, there was no error in the trial court's denial of the motion to suppress without explanation. *Hart v. State*, supra.

2. One witness testified on behalf of the state that she was present at Nelson's apartment much of the day of the shooting, smoking cocaine with Nelson. Over objection, the prosecutor was allowed to ask this witness if this was the first time she had used drugs with Nelson. Nelson contends that this inquiry impermissibly placed her character into evidence.

However, in addition to the homicide, Nelson was indicted for possession of cocaine, and the indictment did not show the date of the offense to be an essential averment. Evidence that she had been in possession of cocaine at any time during the statute of limitation thus was admissible to prove that offense, and was not evidence of similar transactions within the ambit of USCR 31.1. *Robinson v. State*, 202 Ga. App. 576 (1) (415 SE2d 21) (1992).

3. Lastly, Nelson contends that the trial court erred in denying her motion for directed verdict of acquittal. However, on appeal the evidence must be viewed in the light most favorable to uphold the jury verdict; the appellate court determines evidence sufficiency and not witness credibility. *Plumm v. State*, 201 Ga. App. 154 (3) (410 SE2d 352) (1991). Viewing the evidence in accordance with that standard, we conclude that the evidence was sufficient to authorize any

rational trier of fact to find Nelson guilty beyond a reasonable doubt of voluntary manslaughter and possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A directed verdict of acquittal is authorized only where there is no conflict in the evidence, and the evidence demands a verdict of "not guilty." OCGA § 17-9-1. Where the evidence is sufficient to meet the standard stated in *Jackson v. Virginia*, supra, "it cannot possibly be said the evidence *demanded* a verdict of acquittal." *Miller v. State*, 201 Ga. App. 108, 109 (410 SE2d 328) (1991).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 24, 1993.

*Patrick G. Longhi*, for appellant.

*Lewis R. Slaton, District Attorney, Carl Greenberg, Anita Wallace, Assistant District Attorneys*, for appellee.

