S97A1685. BRYANT v. THE STATE.
(492 SE2d 868)

CARLEY, Justice.

A jury found Zenobia Bryant guilty of the malice murder of her husband and the trial court sentenced her to life imprisonment. After denial of her motion for new trial, Ms. Bryant appeals from the judgment of conviction and sentence entered on the jury's guilty verdict.[1]

1. The evidence authorized the jury to find the following: Ms. Bryant reported to officers that an unidentified man shot her husband. She also showed the officers a handwritten note which threatened that she was "next." The body of Ms. Bryant's husband was found in the bedroom of their home. He suffered a fatal gunshot to the back of his head. The officers found the suspected murder weapon in a chest-of-drawers in the bedroom. They also found the notebook and pencil apparently used to write the threatening note Ms. Bryant showed them. Under questioning, Ms. Bryant initially repeated her story about the unidentified shooter. When her own alibi could not be corroborated, however, she made a taped statement admitting that she shot her husband. The State showed that life insurance was the probable motive for the homicide.

This evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Ms. Bryant's guilt of malice murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ms. Bryant filed a challenge to the array of the traverse jury, based upon an alleged underrepresentation of Seminole County residents aged 18-29 years. The test for such a challenge "is two-fold: first, the defendant must prove that the group is a cognizable group; secondly, the defendant must show that the group has been consistently underrepresented." *Potts v. State,* 259 Ga. 812, 813 (1) (388

---

[1] The homicide occurred on August 29, 1994. The grand jury returned its indictment on October 10, 1994. The jury found Ms. Bryant guilty on November 15, 1995 and, on that same day, the trial court entered the judgment of conviction and life sentence. Ms. Bryant filed her motion for new trial on December 15, 1995 and the trial court denied that motion on May 7, 1997. Ms. Bryant filed her notice of appeal on June 3, 1997 and the case was docketed in this Court on July 9, 1997. The parties submitted the appeal for decision on September 2, 1997.

SE2d 678) (1990). After conducting a hearing, the trial court concluded that Ms. Bryant proved neither element and she enumerates as error the denial of her challenge.

Whether a group is sufficiently distinct is a question of fact which depends upon the time and location of the trial. *Parks v. State*, 254 Ga. 403, 409-410 (6) (b) (330 SE2d 686) (1985). An appellate court must accept the trial court's finding that Ms. Bryant failed to prove that persons aged 18-29 constituted a currently cognizable group in Seminole County, unless that finding is clearly erroneous. See generally *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994) (motion to suppress). A review of the record shows that the trial court was authorized to find that Ms. Bryant failed to make the requisite showing, proving only that "solidarity and bonding" were common between persons of that age. *Potts v. State*, supra at 813 (1). See also *Jefferson v. State*, 256 Ga. 821, 823 (1) (353 SE2d 468) (1987); *Hicks v. State*, 256 Ga. 715, 718 (7) (352 SE2d 762) (1987); *Pope v. State*, 256 Ga. 195, 197 (1) (b) (345 SE2d 831) (1986).

Moreover, even if Ms. Bryant did show that persons aged 18-29 constituted a currently cognizable class in Seminole County, she also would have to prove a consistent underrepresentation of that class. "[Y]oung people are not a constitutionally highly protected class, and their underrepresentation does not invoke a high standard of judicial review. [Cit.]" *Wellons v. State*, 266 Ga. 77, 90 (29) (463 SE2d 868) (1995). The record shows that the trial court was authorized to find that Ms. Bryant failed to show that "manipulation of the jury lists or any other form of systematic exclusion accounts for any underrepresentation which may occur in this age group." *Potts v. State*, supra at 814 (1). See also *Parks v. State*, supra at 411-413 (6) (b).

Since the evidence authorized the trial court to find that Ms. Bryant failed to prove either of the requisite elements of her challenge to the array, the denial of that challenge must be affirmed.

3. After the trial, a police officer who testified for the State resigned his position, because he obtained certification by falsifying his educational qualifications. Ms. Bryant contends that she is entitled to a new trial because of the doubt which this subsequent resignation casts upon the credibility of the previous testimony of the former officer. A new trial is not authorized where the only effect of newly discovered evidence would be to impeach the credibility of a witness and "[t]his is true even though the witness whose credibility would be impeached gave the only testimony on some vital point in the case. [Cit.]" *Weems v. State*, 268 Ga. 142, 143 (1) (485 SE2d 767) (1997). Thus, the trial court correctly denied Ms. Bryant's motion for new trial on this ground.

4. Ms. Bryant contends that, on several occasions, the trial court erroneously interjected itself into the jury selection process. The

record shows that, on no occasion, did she raise any objection in the trial court or request ameliorative relief. "To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal. [Cit.]" *State v. Graham*, 246 Ga. 341, 343 (271 SE2d 627) (1980). Moreover, even if she preserved the right to raise the issue on appeal, her reliance upon *Spivey v. State*, 38 Ga. App. 213 (143 SE 450) (1928) is misplaced. That case does not concern the pre-trial voir dire of prospective jurors, but deals with the trial court's interjection of itself into the actual trial by the questioning of witnesses. A trial court is authorized to play a somewhat active role in the questioning of prospective jurors. See generally *Curry v. State*, 255 Ga. 215, 219 (2) (d) (336 SE2d 762) (1985).

5. One of the potential jurors was the father and employer of another. Ms. Bryant moved to excuse the father for cause, but the trial court held that the relationship between the two prospective jurors was not a disqualifying factor. The applicable statute is OCGA § 15-12-163 (b) (4) and, pursuant thereto, it is only the near kin of the prosecutor, defendant or victim who is disqualified from serving on the jury. Since a kinship between jurors is not a disqualifying factor, the trial court correctly denied the challenge for cause. See generally *Hughes v. State*, 161 Ga. App. 824 (2) (288 SE2d 916) (1982).

6. Ms. Bryant contends that, after the *Jackson-Denno* hearing, the trial court failed to make an "adequate" ruling as to the admissibility of her taped inculpatory statement. Ms. Bryant's motion to suppress was based on the allegation that her statement was "the result of persistent and repeated interrogations by skillful law enforcement officers and in the absence of counsel and without an intelligent or knowing waiver of counsel." In *Berry v. State*, 254 Ga. 101, 104-105 (1), fn. 6 (326 SE2d 748) (1985), we expressed our preference for trial courts to make

> findings of fact, if the evidence warrants them, substantially as follows: I find from a preponderance of the evidence that the defendant was advised of each of his *Miranda* rights, that he understood them, that he voluntarily waived them, and that he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury. (If the defendant denies having been advised of any one of his *Miranda* rights or says that he requested an attorney, specific findings as to the point in controversy should also be made.)

In denying Ms. Bryant's motion, the trial court did not follow this recommended procedure, failing to specify that it applied the correct

standard of proof or that Ms. Bryant voluntarily waived her right to counsel. Generally, such a failure would require a remand for clarification. See *Parker v. State*, 255 Ga. 167, 168 (1) (336 SE2d 242) (1985). However, where there is no evidence which would authorize the grant of the motion to suppress, a remand is unnecessary. *Nelson v. State*, 208 Ga. App. 686, 687 (1) (431 SE2d 464) (1993). A review of the transcript of the *Jackson-Denno* hearing shows that Ms. Bryant presented no evidence which would authorize a finding that her taped statement was inadmissible for any reason. Therefore, we will not remand this case. However, we would remind the trial courts of this state of our preference for findings of fact which comport with the form suggested in *Berry v. State*, supra at 104-105 (1), fn. 6.

7. The *Jackson-Denno* hearing addressed only the admissibility of Ms. Bryant's taped inculpatory statement. When a witness for the State made a reference to the existence of a written statement as well, defense counsel objected and moved for a mistrial. The trial court sustained the objection, but denied the motion. The denial of a mistrial is enumerated as error.

The witness made no mention of the contents of the written statement and the trial court ruled that the written statement would not be admitted. Under these circumstances, the court did not abuse its discretion in sustaining the objection and denying the motion for mistrial. See *Woods v. State*, 233 Ga. 495, 497 (II) (212 SE2d 322) (1975).

8. Ms. Bryant asserts that the trial court made improper comments on the evidence or improper suggestions to the District Attorney on how to conduct the State's case. The absence of any contemporaneous objection in the trial court precludes appellate consideration of these contentions. *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978). Moreover, mere colloquies between counsel and the trial court regarding evidentiary issues do not violate OCGA § 17-8-57. *Whisman v. State*, 221 Ga. 460, 462 (3) (145 SE2d 499) (1965); *Colman v. State*, 213 Ga. 9, 10 (3) (96 SE2d 611) (1957).

9. Ms. Bryant contends that the trial court erred by allowing the jurors to communicate verbally with the bailiffs. Again, the lack of any objection raising this issue in the trial court prevents appellate consideration.

10. There was no error in admitting a bullet into evidence over Bryant's chain-of-custody objection. *Marshall v. State*, 266 Ga. 304, 306 (7) (466 SE2d 567) (1996).

11. The trial court's failure to give several of Ms. Bryant's requests to charge is enumerated as error. The trial court gave full and fair charges on the jury's determination of the voluntariness of the taped statement, the affirmative defense of justification, including the necessity that Ms. Bryant have only a reasonable belief that

her use of force was necessary, and the lesser included offense of voluntary manslaughter. The trial court did not err in failing to give these instructions in the exact language of Ms. Bryant's requests. With regard to the remaining requested charges on the two theories, mistake of fact, identification, aggravated assault and involuntary manslaughter, there was no error, because those requests were not adjusted to the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 1997.

*Ronnie J. Lane,* for appellant.

*Charles M. Ferguson, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.