### S98A0407. COOK v. THE STATE.
(499 SE2d 887)

BENHAM, Chief Justice.

Condidio Ricardo Cook appeals from his conviction of murder and armed robbery.[1] Appellant calls in question the sufficiency of evidence, the failure to grant a mistrial and the admission of an in-custody statement. Finding no error, we affirm.

Joseph Sledge, the victim, owned a customized Yamaha Banshee four-wheeler which he sought to sell. The evidence presented at trial by the State showed that Cook's co-defendant, Corey Simon expressed interest in buying the four-wheeler and made arrangements to visit the victim's home to complete the purchase. Cook drove Simon, whom Cook knew to be armed with a gun, to the victim's home where Simon shot Sledge seven times and took the vehicle as Cook waited in the car. They hid the four-wheeler in nearby woods and drove to Cook's girl friend's house where they hid the murder weapon along with the four-wheeler's keys.

1. The evidence set out above was sufficient to authorize a rational trier of fact to find Cook guilty beyond a reasonable doubt of murder and armed robbery. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cook contends that the trial court erred by overruling his motion for mistrial and allowing into evidence an in-custody statement without having held a separate hearing as to the voluntariness of that particular statement. For the reasons that follow, we find no merit in Cook's arguments.

Prior to trial, the trial court conducted a *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), hearing and found that the statements comprising Cook's confession were made without promises or benefits of any kind. Later, during the trial a GBI agent was asked on direct examination to describe how the interview which produced the confession progressed, with instructions to answer

---

[1] The crimes were committed on January 7, 1996, and Cook was indicted on January 22, 1996, for malice murder and armed robbery. A trial conducted in August 1996, resulted in convictions for both murder and armed robbery. He was sentenced to life imprisonment for the murder and a consecutive life sentence on the armed robbery. Cook's motion for new trial, filed on September 6, 1996, was denied October 20, 1997, and his notice of appeal was filed November 14, 1997. The appeal was docketed in this Court on December 2, 1997, and was submitted for decision on the briefs.

without saying what was actually said. The agent answered, "The first thing basically after the advisement of the form, Mr. Cook apologized to me for lying to me on the previous evening after he had . . . ." Cook's attorney objected, asked to make a motion outside the presence of the jury, and moved for a mistrial upon the ground that the admissibility of the statement had not been addressed at the *Jackson v. Denno* hearing. The trial court, with the jury still absent, questioned the agent concerning the circumstances surrounding the statement. The agent testified that the statement had been made to him in an interview, after appellant had been advised of his rights against self-incrimination and after a waiver form had been signed. At the conclusion of the hearing, the trial court found the statement voluntary and overruled the motion for mistrial.

3. No matter what the reason for introducing a defendant's statement, the defendant is nevertheless entitled to a determination of voluntariness by the trial court, although not necessarily in the context of a separate *Jackson v. Denno* hearing. *Fain v. State*, 165 Ga. App. 188 (6) (300 SE2d 197) (1983). In this case, even though the statement which appellant complains of was made in the context of the agent's description of the interview process which yielded the four-page written statement, which the trial court had already found voluntary, when confronted with the motion for mistrial, the trial court made further inquiry by way of a second *Jackson v. Denno* hearing regarding the specific statement. Upon hearing the circumstances surrounding the statement, the trial court then made specific, appropriate findings regarding the admissibility of the statement, going a step farther than was required in *Craver v. State*, 246 Ga. 467 (1) (271 SE2d 862) (1980), where this Court held that "a requirement for a hearing on the issue of voluntariness applies only if the evidence presents a fair question as to its voluntariness." No such "fair question" regarding voluntariness was raised with regard to the statement under discussion here.

The trial court properly admitted the statement made by appellant and did not err by denying appellant's motion for a mistrial.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1998.

*Noel G. Perry,* for appellant.

*C. Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.