## A98A2365. KELLY v. THE STATE.
### (508 SE2d 228)

ELDRIDGE, Judge.

Ronnie Kelly appeals from a Taylor County jury's verdict finding him guilty of armed robbery and possession of a firearm during the commission of a felony. He alleges two errors of law, and based thereon, we affirm Kelly's conviction.

1. Kelly first challenges the admission into evidence of his statement to the police following a *Jackson-Denno*[1] hearing. Notably, before this Court, Kelly does not challenge the statement's admissibility under the *Jackson-Denno* standard as having been knowingly and voluntarily made. Instead, Kelly contends that, prior to the statement's admission, the trial court erred by failing to rule with "unmistakable clarity" that Kelly's statement was voluntary.

We agree that the trial court failed to rule with requisite specificity that Kelly's statement was voluntarily made prior to admitting same. Consequently, "we would remind the trial courts of this state of our preference for findings of fact which comport with the form suggested in *Berry v. State*, [254 Ga. 101, 104-105 (1), fn. 6 (326 SE2d 748) (1985)]." *Bryant v. State*, 268 Ga. 664, 667 (492 SE2d 868) (1997). Generally, such a failure would require a remand for clarification. Id.

However, "where there is no evidence which would authorize the grant of the motion to suppress, a remand is unnecessary." *Bryant v. State*, supra at 667; see also *Nelson v. State*, 208 Ga. App. 686, 687 (1) (431 SE2d 464) (1993). In this case, a review of the transcript of the *Jackson-Denno* hearing shows that Kelly was fully advised of the

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

*Miranda*[2] warnings and signed a waiver of rights form. The attesting officer stated that Kelly gave his statement without inducement. Kelly presented no evidence which would authorize a finding that his statement was inadmissible for any reason, and Kelly does not contend before this Court that his statement was inadmissible for any reason. Therefore, we will not remand this case. Where "there is *no* evidence which would authorize the trial court to find that appellant's statement was *not* voluntarily given[,] there is no reason to remand for findings of fact as to the voluntariness of appellant's statement because no disputed question of fact relevant to that issue was ever raised and any ruling by the trial court other than to admit appellant's statement would be erroneous." (Citation and punctuation omitted; emphasis in original.) *Nelson v. State*, supra at 687.

2. Next, Kelly contends that there was a fatal variance between the indictment and the evidence offered by the State on the trial of this case. Specifically, the indictment alleged that Kelly "did unlawfully with intent to commit theft, take property, to-wit: United States currency, the property of Stuckey's Mini-Mart, from the immediate presence of Debra Drains, by the use of an offensive weapon." According to Kelly, however, the evidence showed that he took the money from the "immediate presence" of Inez Stuckey, not Debra Drains, because, although Drains was present, he pointed the gun at Stuckey and Stuckey handed him the money. This contention is meritless.

The evidence showed that the money was the property of Stuckey's Mini-Mart, as alleged in the indictment. The evidence further showed that Debra Drains was the night cashier at the Stuckey's Mini-Mart and was in charge of the money. At the time of the armed robbery, Drains' shift had not ended, but Inez Stuckey, the owner, came in to the store in order to count the night deposit monies. Further, Drains was present in the store during the armed robbery as alleged in the indictment, as was Stuckey, who handed the money to Kelly during the robbery.

Here, we do not find a fatal variance between the indictment and the proof simply because Stuckey had actual possession of the money and Drains had constructive possession of it at the time Kelly committed the armed robbery. "Robbery is a crime against possession, and is not affected by concepts of ownership." (Citations and punctuation omitted.) *Snelling v. State*, 215 Ga. App. 263, 268 (450 SE2d 299) (1994). Both women were subject to Kelly's exercise of actual force by the use of an offensive weapon so as to induce the relinquishment of the property of another, i.e., the property of the Mini-Mart. Compare *State v. Epps*, 267 Ga. 175 (476 SE2d 579) (1996). Clearly,

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

the gun did not have to be pointed at any particular person in order for that person to qualify as the "victim" of the armed robbery; the gun need only be used in a fashion that demonstrates its nature as an offensive weapon available for use upon the persons in the "immediate presence" thereof and in actual and/or constructive possession of the relinquished property that is the subject of the robbery. Id.

In that regard, the essential elements of armed robbery are: *"when, with intent to commit a theft, he takes property of another* from the person or the immediate presence of another *by use of an offensive weapon."* (Citations and punctuation omitted; emphasis in original.) *McKisic v. State,* 238 Ga. 644, 646 (2) (234 SE2d 908) (1977); *Page v. State,* 191 Ga. App. 420 (382 SE2d 161) (1989). See also OCGA § 16-8-41. Thus, herein, the identity of the person alleged to have been robbed is not an essential element of the crime so as to create a fatal variance. *Page v. State,* supra at 421; *Campbell v. State,* 223 Ga. App. 484, 485 (477 SE2d 905) (1996).

As a matter of law, "[t]he general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." (Citations and punctuation omitted.) *DePalma v. State,* 225 Ga. 465, 469-470 (169 SE2d 801) (1969). Any variance complained of here would not subject the accused to either of these dangers.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 26, 1998 — 

*Hagler, Hyles, Adams & McKenna, Clark C. Adams, Jr.,* for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney,* for appellee.