## 54165. SHEETS v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of aggravated assault, possession of cocaine and possession of marijuana. He appeals the conviction for the drug charges on the general grounds and appeals the denial of his motion for new trial which was based on an allegation of ineffective assistance of counsel. We affirm.

1. The enumeration of error claiming that the evidence was insufficient to convict the appellant of the two drug charges is without merit. He cites *Reed v. State,* 127 Ga. App. 458 (194 SE2d 121) for the proposition that the presumption that contraband found in a house is possessed by the head of the household does not apply where other persons not members of the household live there and have equal access to the home. That case is inapposite to the present one. The evidence did not show that others lived with appellant. On the contrary, it showed that appellant rented the apartment in which he was arrested, and lived there alone. The two persons who were present when appellant was arrested testified that he had been there but a few hours. The evidence was more than sufficient to support appellant's conviction on both drug charges.

2. Appellant's present counsel argues vehemently that his predecessor was so derelict in the performance of his duties that it amounted to sleeping through the trial and permitting "the hangman to measure the noose around his client's neck without objection." A thorough review of the record and the transcript of the trial convinces us that the attack on appellant's trial counsel is without merit and unwarranted. The language of our Supreme Court in *Hart v. State,* 227 Ga. 171 (10) (179

SE2d 346), is most appropriate here and could have been written for this case: "The lack of effective representation of counsel means representation so lacking in competence that it becomes the duty of the court or the district attorney to observe it and correct it. Williams v. Beto (CCA 5), 354 F2d 698, 704. As was said in that case, 'It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for a conference and preparation. . . Lawyers are not required to be infallible . . . the ability and faithfulness of an attorney is not to be judged by whether he won or lost the verdict.' In Odum v. United States (CCA 5), 377 F2d 853, 859, the court observed: 'The Constitution, it must be remembered, commands a battle, but not a victory.' The record in this case shows that trial counsel ably represented the defendant. It does not appear that his representation of the accused was merely perfunctory, a sham, a pretense or in bad faith. Nor was the trial in any sense a farce or a mockery of justice. Counsel for the accused *did* engage in a battle for the rights of the accused, and the mere fact that defense counsel failed to make objection to evidence, failed to move for a mistrial, failed to apply some other tactic, or did some things contrary to the judgment of present counsel representing the accused, does not justify applying to him the brand of incompetence." There was no error in denying appellant's motion for new trial.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Silver, Zevin, Sewell & Turner, Murray M. Silver,* for appellant.

*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.