## 54355. JOHNSON v. THE STATE.

SMITH, Judge.

The appellant was convicted of unlawfully entering an automobile. The sole contentions of the appeal are that the appellant's trial counsel was ineffective in the presentation of the defense, and that the trial court erred in failing to charge on the defense of alibi. We find merit in neither, and affirm.

1. The standard for determining whether a criminal defendant had the effective assistance of counsel is discussed in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). The essence of the standard is found in the statement that "the effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." Id. p. 639. The transcript does not reveal that the appellant was denied reasonably effective counsel, and it is not for this court to second-guess rational trial tactics. E.g. *Sutton v. State,* 238 Ga. 336 (232 SE2d 569) (1977).

2. The court did not err in failing to charge on the defense of alibi. It is true that when an alibi defense is relied upon and sustained by evidence it is error not to charge it even in the absence of a request. *Pippins v. State,* 224 Ga. 462, 465 (162 SE2d 338) (1968). But the transcript shows that the appellant's trial counsel was not relying on the alibi defense. Moreover, the evidence which was introduced on the subject did not tend to establish, in any way, "the impossibility of the accused's presence at the scene of the offense at the time of its commission." Code § 38-122. The charge was not required.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 13, 1977.

*Tyrone Thomas,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry Baxter, Assistant District Attorneys,* for appellee.