## 61579. MAGOUIRK v. THE STATE.
## 61580. INGRAM v. THE STATE.
## 61581. WELLS v. THE STATE.

SHULMAN, Presiding Judge.

During a racial disturbance at the Georgia State Prison, several inmates were injured and one killed. Defendants Magouirk, Ingram, Wells, and another were indicted for murder and acquitted. Magouirk, Ingram and Wells were also indicted for aggravated assault, and this appeal is from their convictions of aggravated assault.

1. Defendants Magouirk and Ingram complain of the verdict and judgment on the general grounds. The victim of the assault (who was stabbed 15 or 16 times) identified defendants Magouirk and Ingram as his assailants. In corroboration, other witnesses testified that they saw the defendants in the possession of a knife at the time of the incident. Although defendant Magouirk denied his participation in the stabbing, testifying that it was the alleged victim who had attempted to stab him (which, Magouirk explained, accounted for the bloodstains on his shirt), we find that the evidence against defendant Magouirk, as outlined in part above, was sufficient to warrant a rational trier of fact to conclude that he was guilty of the offense of aggravated assault beyond a reasonable doubt. Likewise, despite defendant Ingram's denial of his participation in the stabbing, there was sufficient evidence to warrant his conviction of aggravated assault. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellants (along with a fourth defendant) were indicted separately. On the state's motion, however, the four defendants were joined for trial. Appellants Ingram and Wells contend that such joinder resulted in the denial of their rights to a fair trial. We must disagree with appellants' contentions in this regard, but we do not reach this decision lightly.

The joinder of defendants (where offenses are part of a common scheme or plan (see *Arnsdorff v. State,* 152 Ga. App. 515 (263 SE2d

176); *Padgett v. State,* 239 Ga. 556 (238 SE2d 92)), allows for uniformity in decision-making; it eliminates a duplication of effort, saves time, and expedites the trial process. On the other hand, we recognize that inherent in the joinder or consolidation of defendants at trial is the possibility of overlap; that is, that culpatory evidence admitted against one defendant will be considered against another defendant. Likewise, we recognize that joinder, if there is more than one counsel representing co-defendants, affects or restrains the freedom of counsel in the employ and exercise of his or her particular trial strategy. To a certain extent, counsel's actions or options may be set or determined by the strategy or methodology employed by co-counsel.

Despite the benefits of joinder, it is clear that an accused's right to a fair trial takes precedence. If the consolidation of defendants at trial hinders a fair determination of each defendant's guilt or innocence, then the defendants must be tried separately. That initial determination, of course, lies within the discretion of the trial court. Unless this court finds a manifest abuse of that discretion, the trial court's judgment will be affirmed on appeal. *Jackson v. State,* 153 Ga. App. 462 (265 SE2d 368).

With the benefit of hindsight, it is incumbent upon this court to determine whether the trial court's decision to join the trial of the co-defendants in the instant cases hindered a fair determination of the guilt or innocence of defendants Wells and Ingram, and thus constituted a manifest abuse of discretion.

A. Defendant Ingram premises his contention of error in the joinder of his case on the ground that it interfered with trial counsel's defense strategy and precluded his counsel from presenting the same type of defense he would have made had defendant been tried separately. (We note that defendant Ingram does not argue that his co-defendants' defenses were antagonistic.) For instance, counsel for defendant Ingram contends that he would have chosen not to present any evidence on defendant's behalf in exchange for the right to make closing argument, but, because the counsel of a co-defendant introduced evidence, he was precluded from defending his client in this manner and, thus, to the best of his ability.

Defendant Ingram's complaint, in essence, amounts to a complaint of ineffective assistance of counsel. In plainer terms, defendant is arguing that his chosen counsel was hamstrung by the strategy or trial tactics employed by co-defendants' counsel, effectively denying him his right to counsel and a fair trial. We cannot agree.

It has been held by this court on numerous occasions that the fact that a defense might have been presented in a different manner is

not indicative of trial counsel's ineffective assistance; nor, for that matter, is a guilty verdict indicative of that fact. See generally *Sheets v. State,* 143 Ga. App. 180 (2) (237 SE2d 674); *Johnson v. State,* 143 Ga. App. 516 (1) (239 SE2d 201); *Fortson v. State,* 240 Ga. 5 (1) (239 SE2d 335). In the instant case, co-defendants' counsel presented a thorough and vigorous defense, as did counsel for appellant Ingram. In light of that representation and in view of the fact that the evidence against defendant Ingram strongly supported the guilty verdict reached by the jury, we refuse to find that the joinder of the co-defendants at trial effectively denied Ingram his rights to counsel and a fair trial.

B. Nor can we agree with defendant Wells' assertion that the jury was unable to separate the volume of evidence and testimony presented so as to make an individual determination of each defendant's guilt or innocence. Although there was much evidence presented, the bulk of the direct evidence against defendant Wells (there was also circumstantial evidence) was the testimony of the victim. In essence, then, the jury was presented with a swearing match between the victim of the assault and the defendant, who denied culpability. (Additional alleged eyewitnesses supported both sides.) The evidence was thus not so complicated or confusing as the defendant would have us believe. For that reason, we find no support for defendant Wells' allegation that the jury was unable to absorb the evidence presented and properly render a verdict. We cannot agree that the trial court's refusal to try defendant Wells separately was error for the reason assigned.

3. Defendant Wells asserts that the trial court erred in refusing to allow the replay of certain testimony regarding the articles of clothing worn by defendant Wells at the time of the alleged assault. Defendant contends that testimony revealing that there were no bloodstains on his clothing was exculpatory; that the jury, confused by the voluminous evidence, could not recall that fact; and that the trial court's refusal to allow a replay of the testimony of a forensic serologist who testified to that fact constituted an abuse of discretion and mandates reversal. We do not agree with defendant's argument.

In response to the jury's inquiry, the trial court made the following remarks: "[I]f there's a point in the record . . . that the jury recalls or the testimony of any witness on any one of these points or any other points, of course [it will be replayed] . . . if there's the testimony of a witness that you want to hear that you believe or recall or seem to recall testified as to any of these . . . questions, then if you'll let me know that I'll be glad to hear that evidence reproduced for you. But again, counsel and the Court feel that the questions the jury has asked, that the Court is unable to single out any place in the record

and at that point be satisfied in the Court's mind that I've given you all of the evidence on that point. And then it would be erroneous if we didn't give you all of the evidence on that point. You may ask for a specific part if you're in doubt about it, but I can't select it for you."

To this ruling and the court's remarks, defendant Wells made no objection. Indeed, it appears from the court's statement that counsel had discussed this with the court and had approved of the court's decision. Not only can a waiver of objection be implied by defendant's actions below but, as shown above, defendant's contentions are simply not borne out by the record and transcript. The trial court did not refuse to replay testimony for the jury, but merely refused to select what testimony should be replayed. We find no error in this regard. See *Smith v. State,* 153 Ga. App. 862 (4) (267 SE2d 289).

*Judgments affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 13, 1981.

*Gary A. Sinrich,* for appellant (case no. 61579).
*Joseph C. Kitchings,* for appellant (case no. 61580).
*Jack E. Carney, Jr.* for appellant (case no. 61581).
*Dupont K. Cheney, District Attorney, Mike Taff, Assistant District Attorney, Arthur K. Bolton, Attorney General, Robert S. Stubbs III, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.