## 65216. GREEN v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of selling marijuana and given a five-year probated sentence with a $2,000 fine. The state's evidence consisted of the testimony of the undercover officer who purchased marijuana from appellant and the state crime lab chemist who tested the substance purchased. The officer testified regarding the purchase, opined that the substance was marijuana, and stated that he turned the substance over to the state crime lab chemist three days after he bought it from appellant. He specifically stated that he retained custody of the substance until it was turned over to the chemist. He also identified the receipt for property and testified that he filled out the receipt in the normal course of business. The crime lab chemist testified about his receipt and testing of the substance, identified his signature on the receipt for property, and established his custody of the marijuana until its destruction two years later pursuant to crime lab procedure. The enumerations of error go to the sufficiency of the evidence, the admission of the testimony of the chemist, and the admission of the receipt for property.

1. The evidence was clearly sufficient for any rational trier of fact to find appellant guilty beyond a reasonable doubt of every essential element of the crime charged. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. It was not error for the court to allow the testimony of the crime lab expert. The fact that he could not specifically remember the marijuana involved in this case does not render his testimony inadmissible. "Although a witness may have no distinct and independent recollection of the details of a fact occurring in the course of the routine of his business, he may testify, as this witness did, to his fixed and uniform habit in such cases, and state that he knows that what he did in a given transaction was in accordance with that habit. [Cits.] The probative value of such evidence is for the jury ...." *Leonard v. Mixon,* 96 Ga. 239, 241 (23 SE 80); *Daniel v. State,* 130 Ga. App. 548 (2) (203 SE2d 736). The evidence established a chain of custody from appellant to the crime lab expert, who tested the substance as positive for marijuana. The trial court did not err in denying the motion to strike the expert's testimony.

3. The receipt for property was clearly identified as a business record and was properly admitted as such over appellant's hearsay objection. Code Ann. § 38-711 (OCGA § 24-3-14); *Hall v. State,* 239 Ga. 832 (4) (238 SE2d 912).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 9, 1983.

*Archie L. Gleason,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.