A92A0476. MORRIS v. THE STATE.
(419 SE2d 733)

CARLEY, Presiding Judge.

Appellant and co-defendants Johnny Lee Davis and Francine Jackson were tried before a jury on charges of burglary and aggravated assault. Guilty verdicts were returned against appellant and Davis and a not guilty verdict was returned against Jackson. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates as error the denial of his motion to sever his trial from that of his co-defendants.

"Whether or not a motion for severance should be granted rests in the sound discretion of the trial court, but severance should be granted 'before or during the trial whenever it appears "necessary to achieve a fair determination of the guilt or innocence of a defendant." (Cit.)' [Cit.]" *Terry v. State,* 190 Ga. App. 570-571 (1) (379 SE2d 604) (1989). The facts relevant to appellant's motion for severance are as follows: At trial, appellant's co-defendants were called *as witnesses for the State.* Compare *Thomas v. State,* 199 Ga. App. 586, 588 (5) (405 SE2d 512) (1991), rev'd on other grounds, 261 Ga. 854 (413 SE2d 196) (1992). After the co-defendants gave testimony on direct examination which was inculpatory of appellant, appellant was prepared to do more than merely cross-examine them. Compare *Kimbrough v. State,* 254 Ga. 504, 505 (2) (330 SE2d 875) (1985); *Thomas v. State,* supra at 588 (5). Appellant was prepared to impeach them by introduction of their prior convictions. The trial court correctly refused to allow appellant to do so. Since they had not placed their own character into evidence, appellant's co-defendants could not be impeached by proof of their prior convictions. OCGA § 24-9-20; *Williams v. State,* 257 Ga. 761, 762 (3b) (363 SE2d 535) (1988).

However, the trial court did err in refusing to grant appellant's motion to sever. The State is not entitled to secure appellant's conviction at a proceeding wherein the State's witnesses are not subject to

impeachment. See *Gilstrap v. State,* 250 Ga. 814, 816 (2) (301 SE2d 277) (1983); *Martinez v. State,* 189 Ga. App. 69 (1) (375 SE2d 123) (1988). "Despite the benefits of joinder, it is clear that an accused's right to a fair trial takes precedence. If the consolidation of defendants at trial hinders a fair determination of each defendant's guilt or innocence, then the defendants must be tried separately." *Magouirk v. State,* 158 Ga. App. 517, 518 (2) (281 SE2d 283) (1981).

The error was not harmless. Compare *Thomas v. State,* 199 Ga. App., supra at 591 (5), fn. 3; *Romano v. State,* 193 Ga. App. 682 (1) (388 SE2d 757) (1989). Absent the testimony of the co-defendants, the evidence as to appellant's guilt was not overwhelming and the State obviously considered the testimony of appellant's co-defendants important enough to its case to call them as State's witnesses. " '[I]n view of the importance of the testimony of the witness[es] sought to be impeached, [the denial of appellant's motion to sever] was necessarily harmful and demands a reversal of the case.' [Cit.]" *Martinez v. State,* supra at 71 (1). See also *Gilstrap v. State,* supra at 817 (2).

2. Appellant enumerates the general grounds.

"[T]he rule that a felony conviction is not to be had on the uncorroborated testimony of an accomplice applies only when the accomplice is the sole witness upon whose testimony the [S]tate relies. [Cits.]" (Emphasis in original.) *McDaniel v. State,* 158 Ga. App. 320 (279 SE2d 762) (1981). In the instant case, the State introduced evidence *other* than the testimony of appellant's co-defendants, including evidence of the victim's pre-trial identification of appellant as one of his attackers. " ' "Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support the verdict. (Cit.)" [Cit.]' [Cit.]" *Williams v. State,* 198 Ga. App. 725, 726 (1) (402 SE2d 796) (1991). Moreover, the testimony of each of the co-defendants was sufficient to corroborate the testimony of the other, "although not as to all material facts. [Cit.]" *Jones v. State,* 235 Ga. 103, 104 (3) (218 SE2d 899) (1975). See also *Garner v. State,* 72 Ga. App. 819 (35 SE2d 317) (1945). The evidence was not overwhelming, but it was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant's remaining enumerations of error relate to his sentence and are, therefore, moot.

*Judgments reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 3, 1992.

*Cannon & Meyer Von Bremen, Michael S. Meyer Von Bremen,*

for appellant.

*Britt R. Priddy, District Attorney, L. Earl Jones, Assistant District Attorney*, for appellee.