A98A0952. HUNNICUTT v. THE STATE.
(507 SE2d 802)

MCMURRAY, Presiding Judge.

Defendant and co-defendants Kimbrell and Henon were tried before a jury on charges of violating the Georgia Controlled Substances Act and possessing tools for the commission of a crime. Both

co-defendants testified for the State, explaining on direct examination that defendant owned and possessed most of the methamphetamine found at the crime scene. The jury found defendant guilty of possessing methamphetamine by ingesting the substance, guilty of trafficking in methamphetamine by possessing a mixture of more than 28 grams of methamphetamine and guilty of possessing tools for the commission of a crime. The jury found co-defendants Kimbrell and Henon guilty of possessing methamphetamine with intent to distribute. The jury found all three defendants guilty of possessing tools for the commission of a crime.

Defendant filed this appeal after entry of his judgments of conviction and sentences and the denial of his motion for new trial. *Held*:

1. Citing *Morris v. State*, 204 Ga. App. 437 (419 SE2d 733), defendant contends the trial court erred in denying his motion to sever his trial from that of co-defendants Kimbrell and Henon.

In *Morris*, this Court held that the trial court abused its discretion in denying Morris' motion to sever because Morris was unable to impeach his co-defendants by introducing evidence of their prior convictions. Id. at 437 (1). This holding is based on the premise that, "[i]f the consolidation of defendants at trial hinders a fair determination of each defendant's guilt or innocence, then the defendants must be tried separately.' *Magouirk v. State*, 158 Ga. App. 517, 518 (2) (281 SE2d 283) (1981)." Id. at 438 (1). Defendant shows no such prejudice in the case sub judice. Specifically, defendant does not show that he was denied the right to impeach either of his co-defendants. He argues only that he was denied due process because co-defendants Kimbrell and Henon were called by the State and testified against him at trial. This argument provides no basis for reversal.

" 'Abuse of discretion amounting to a denial of due process must be shown before a trial court's decision on a motion to sever in a non-capital felony case will be overturned.' *McKenzie v. State*, 187 Ga. App. 840, 846 (8) (371 SE2d 869) (1988). . . . ' "(T)he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. (Cit.) A showing of harm is necessary. (Cit.)" (Cit.)' *Hill v. State*, 193 Ga. App. 401, 403 (387 SE2d 910) (1989)." *Jordan v. State*, 210 Ga. App. 30 (1) (435 SE2d 256). Such harm is not shown where "the co-defendant could have testified at a separate trial and related the same testimony as that presented at the joint trial and the defendant had ample opportunity to cross-examine the co-defendant concerning any antagonistic defenses. See also *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975)." Id. Since defendant in the case sub judice has failed to show that his co-defendants' testimony would have differed at separate trials and since the record demonstrates that defendant had ample opportunity to cross-examine his co-defendants about their antagonistic defenses, the trial court did

not abuse its discretion in denying defendant's motion to sever. See id.

2. Defendant contends a chain of custody for certain methamphetamine the State proffered as evidence from the crime scene was never established because the state crime laboratory chemist who originally received the crime scene evidence was not called to testify.

"The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible." *Williams v. State*, 199 Ga. App. 122, 123 (2) (404 SE2d 296). When proffering such evidence, the State is required to show with reasonable certainty that the evidence is the same as that seized at the crime scene and that there has been no tampering or substitution. *Sutton v. State*, 223 Ga. App. 721, 725 (3) (478 SE2d 910).

As in *Sutton*, another chemist from Georgia's crime laboratory gave testimony in the case sub judice regarding office procedures which show with reasonable certainty that the methamphetamine proffered at trial was the same as that seized at the crime scene and that there was no tampering or substitution of this evidence. But unlike *Sutton*, defendant in the case sub judice challenges this chemist's reliance on markings which the absent chemist allegedly placed on the proffered methamphetamine. Pointing out that these markings are hearsay, defendant argues that the trial court improperly accepted them as proof of the absent chemist's receipt and handling of the crime scene evidence.

Because the State proffered a foundation for admission of the absent chemist's records under Georgia's business records exception to the hearsay rule, OCGA § 24-3-14 (b), the trial court did not err in overruling defendant's hearsay objection to admission of the methamphetamine which the State proffered as evidence seized at the crime scene. *Millwood v. State*, 166 Ga. App. 292, 293 (5) (304 SE2d 103); *Green v. State*, 165 Ga. App. 702, 703 (3) (302 SE2d 604).

3. The trial court did not err in denying defendant's motion for new trial based on newly discovered evidence.

This newly discovered evidence consists of two letters which were purportedly written by co-defendant Kimbrell over a month before trial. Co-defendant Kimbrell allegedly stated in one letter that she was protecting co-defendant Henon. In the other, she allegedly wrote that she was involved in illegal drug dealing activities. The letters do not mention defendant's name, nor do they include anything helpful to defendant. Since neither letter includes information which could have reasonably been relevant to defendant's defense, the trial court did not err in denying defendant's motion for new trial. See *Timberlake v. State*, 246 Ga. 488, 490 (1) (271 SE2d 792).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 29, 1998.

*Levinson & Paul, Christopher G. Paul*, for appellant.
*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.