## A99A0655. MAPP v. THE STATE.

(516 SE2d 322)

ELDRIDGE, Judge.

After a jury trial, Nicholas Mapp was convicted of the offense of armed robbery.[1] Mapp's sole enumeration of error questions the sufficiency of the evidence to authorize his conviction.

Viewing the evidence in the light most favorable to the jury's verdict,[2] the following was shown: Shortly after 11:00 p.m. on June 11, 1997, Officer John Timothy Lively of the Clayton County Police Department responded to an armed robbery call at the E-Z Serve convenience store on Tara Boulevard in Jonesboro, Clayton County. The clerk, Denise Marie Jackson, informed Officer Lively that she had been robbed by two males at gunpoint. Jackson testified that two males approached the store and stood talking outside the front glass windows. One of the men, whom Jackson positively identified as Mapp, came into the store and bought a lollipop. Jackson testified that the lollipops were located on the second aisle, which was directly in front of the cash resister, and that she was able to watch Mapp the entire three or four minutes he was in the store. Jackson further testified that when Mapp paid for the lollipop, they had a brief conversation concerning the fact that he was short one penny, but that she agreed to let him have the lollipop anyway.

Jackson testified that one or two minutes after Mapp left, the second male came into the store. He was wearing a black hat, black jeans, and a black jacket with the words Karl Kani on the back in tan print. The second male requested a package of cigarettes. Jackson leaned down to retrieve the cigarettes from under the counter. When she looked back up, he had a gun pointed at her and demanded that she give him all of the money in the register. When Jackson did not comply quickly enough, the second man threatened to shoot her. Jackson gave him all of the money in the register, which she estimated to be about $80 in small denomination bills, i.e., mostly $1 and $5 bills and a couple of ten dollar bills.

As the gunman exited the store, Johnny Smith was coming in

---

[1] Mapp was found not guilty of a violation of the Georgia Controlled Substances Act, for which he also was indicted.

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

the door of the store. Jackson pointed to the gunman and told Smith that he had just robbed the store. Smith went back outside and walked to the corner of the store. He saw the gunman get into the driver's seat of a "goldish bronze looking Delta 88," which was parked in a dark area on the side of the store by the pay phones. Smith testified that there was at least one more man in the vehicle. Smith got into his truck and watched the gunman's car drive around the building and pull out onto the highway. Smith followed the gunman's vehicle and obtained the tag number.

Police ran the tag number, determined that the registered owner of the car was Mapp, and obtained a Riverdale address for Mapp of apartment 26-C, Twelve Oaks Apartments. A "be on the lookout" was put out for the vehicle.

Officer Michael Gothard of the Riverdale Police Department went to Twelve Oaks Apartments. Several hours later, at approximately 5:30 a.m., Officer Gothard spotted Mapp's car as it pulled into the parking lot of the apartments. Officer Gothard pulled his marked police car behind Mapp's vehicle so that it could not back out. Mapp exited from the passenger side of the car. When Officer Lively instructed him to remain where he was, Mapp "took off running" northbound into the apartment complex. Officer Gothard held the driver of the vehicle at gunpoint while he waited for backup officers to respond.

Officer E. K. Stevens of the Clayton County Police Department testified that he went to apartment 26-C of the Twelve Oaks Apartments and found the door unsecured. Officer Stevens found Mapp hiding in a closet under a pile of clothing.

In addition to other items, the police recovered from Mapp's car: a Loricin .380 caliber semi-automatic gun, which was located under the passenger seat of the car; a black jacket with the word "Kani" on the back, which was located in the trunk of the car; $63 in small denomination bills; and a small bag of cocaine, which was located under the driver's seat. Jackson identified the gun and the jacket as the ones the gunman had during the armed robbery. Both Mapp and the gunman gave statements to police in which they admitted being at the E-Z Serve convenience store on June 11, 1997.

> On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]

*Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990); see also *Jackson v. Virginia*, supra at 319. "[T]he relevant question is whether

. . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id.

Further

> [u]nder OCGA § 16-2-20 (a) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that a defendant is a party to a crime. However, criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citations and punctuation omitted.) *McGhee v. State*, 229 Ga. App. 10, 11 (492 SE2d 904) (1997). Considering the evidence as a whole, we conclude that the evidence adduced at trial was sufficient to enable a rational trier of fact to find Mapp guilty beyond a reasonable doubt as a party to the crime of armed robbery.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 12, 1999.

*Jeffrey W. Cofer*, for appellant.

*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney*, for appellee.