### A99A1471. MALOY v. THE STATE.
(522 SE2d 490)

ELDRIDGE, Judge.

John Henry Maloy appeals from a Clayton County jury's verdict finding him guilty of armed robbery and possession of a firearm during the commission of a crime arising from Maloy's participation in the June 11, 1997 armed robbery of the E-Z Serve convenience store on Tara Boulevard in Jonesboro, Clayton County. We affirm the conviction.

1. Maloy first challenges the sufficiency of the evidence introduced against him. We find this challenge meritless. A detailed statement of the facts of this case may be found in this Court's affirmance of the conviction of Maloy's co-defendant, Nicholas Mapp. *Mapp v. State,* 237 Ga. App. 611 (516 SE2d 322) (1999). In addition to the facts related therein, the E-Z Serve cashier positively identified defendant Maloy, both pre-trial and in-court, as the man who held the gun on her and told her "to open the drawer and give him all the money that was in the register," which she subsequently did.[1] Accordingly, we find the evidence of record sufficient for a rational trier of fact to have found Maloy guilty of armed robbery and possession of a firearm during the commission of a crime under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Maloy contends that the trial court abused its discretion in denying his motion for severance of defendants. He asserts that because his co-defendants were apprehended at or near the time of the offense and he was not, "the evidence against the Co-Defendants was substantial while the evidence against him was less than substantial," thereby causing an improper "spillover effect."

This argument is factually meritless. A review of the record shows that the evidence against Maloy was as substantial, if not more so, than the evidence against either of his co-defendants.[2] The

---

[1] "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

[2] Co-defendant Mapp was not even in the store during the armed robbery, and co-defendant Brian Thornton was found not guilty of the charged offenses.

time of Maloy's arrest does not alter the fact that it was Maloy who was positively identified as the man who had the gun and took the money. We discern no "spillover effect" impacting on Maloy so as to render the trial court's denial of Maloy's motion for severance of defendants an abuse of discretion. *Hunnicutt v. State*, 234 Ga. App. 560, 561 (1) (507 SE2d 802) (1998).

3. Likewise, we find no abuse of discretion in the trial court's denial of Maloy's motion to suppress the victim's identification based upon a pre-trial photographic lineup. "The dispositive question in resolving this issue is whether the procedure used resulted in a very substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Deal v. State*, 233 Ga. App. 79, 80 (1) (503 SE2d 288) (1998). In that regard, Maloy's only argument is to repeat in a conclusory fashion that the photo lineup was "impermissibly suggestive." Neither before this Court nor in the court below has Maloy alleged *how* the photo lineup was impermissibly suggestive or what improper procedures were used that might have resulted in such taint. On review, the record contains no evidence that the photographic display was assembled in an impermissibly suggestive manner, and the victim testified that the police officer made no indication as to whom to select. Accordingly, there was no error. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*Lee Sexton & Associates, Robert L. Ferguson,* for appellant.
*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney,* for appellee.