## A01A2115. TILLMAN v. THE STATE.
### (554 SE2d 305)

PHIPPS, Judge.

Following denial of his motion for new trial, Jason Tillman appeals his convictions of two counts of aggravated assault and two counts of trafficking in cocaine. He complains of the trial court's denial of his motion to sever his trial from that of a co-indictee, its denial of his motion to suppress evidence, and certain of its jury instructions. We find no error and affirm.

A multi-count indictment was returned against Tillman, Kendall Caldwell, and Maurice Montgomery. All three were charged with trafficking in over 200 grams of cocaine found at Caldwell's house in a jacket belonging to Montgomery. Tillman and Caldwell were also charged with trafficking in over 400 grams of cocaine found in a hotel room rented by Tillman and with two counts of aggravated assault upon Montgomery.

Montgomery's trial was severed from Tillman and Caldwell's. Montgomery was convicted on the trafficking charge, and his conviction was affirmed on appeal.[1] Tillman and Caldwell were tried jointly. Both were convicted of trafficking in the 200 grams of cocaine found in Montgomery's jacket and in the 400 grams of cocaine found in the hotel room and of committing the aggravated assaults upon Montgomery. Caldwell's convictions were affirmed on appeal.[2]

The State's evidence showed that Montgomery appeared at Caldwell's house with the cocaine in his jacket. Tillman was also at the house. A fight erupted in which Tillman and Caldwell physically beat, pistol whipped, and shot Montgomery. Montgomery escaped to a nearby residence, and Tillman and Caldwell fled the scene. All were apprehended by police. During a custodial interrogation, Tillman gave statements to police which led them to obtain a warrant to search the hotel room where the remaining cocaine along with drug paraphernalia and guns were found.

At Tillman and Caldwell's trial, Montgomery testified as a State's witness under a grant of immunity. Montgomery claimed that when he went to Caldwell's house, Tillman and Caldwell tried to kill him because they thought he had broken into the residence on an earlier occasion and stolen cocaine. Caldwell, on the other hand, testified that Montgomery came to his house to induce him to sell drugs. Caldwell acknowledged that he had previously sold drugs for Montgomery and that he owed him a large amount of money because some of the drugs had been stolen. Caldwell claimed that Montgomery came to his house on the day in question to get him to sell more drugs

---

[1] *Montgomery v. State*, 249 Ga. App. 777 (549 SE2d 463) (2001).

[2] *Caldwell v. State*, 249 Ga. App. 885 (549 SE2d 449) (2001).

to repay the debt, but that he refused. Caldwell testified that Montgomery tried to shoot him, which led to Tillman's intervention and the ensuing fight.

When Tillman and Caldwell were arrested, both were carrying card keys to the same hotel room. Prior to trial, Caldwell gave statements to police admitting that Tillman was storing cocaine for him in the room. At trial, however, Caldwell denied any connection to the cocaine. During his cross-examination of Caldwell, Tillman's attorney sought to show that the cocaine belonged to Caldwell alone. Tillman did not testify.

1. Tillman charges the trial court with abusing its discretion in denying his motion for trial severance.

Whether a motion for severance should be granted rests in the sound discretion of the trial court.[3]

> The factors a trial court must consider in exercising its discretion in regard to a motion to sever are (1) whether the number of defendants will create confusion as to the evidence and the law applicable to each, (2) whether there is a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions, or whether the strength of the evidence against one defendant will engulf the other with a "spillover" effect, and (3) whether the defendants' defenses are antagonistic to each other or to each other's rights. [Cits.][4]

"The mere fact that codefendants' defenses are antagonistic is not sufficient in itself to warrant the grant of a separate trial absent a showing of harm. [Cit.]"[5] "The burden is on the defendant requesting a severance of trials to make a clear showing of prejudice and denial of due process. [Cit.]"[6]

Tillman argues that he was prejudiced by denial of his motion for trial severance in essentially three ways: (1) First, he claims that the trial court placed limitations on his cross-examination of a State's witness who testified about an independent crime committed by Caldwell, and that such limitations would not have been imposed if Caldwell had not been a co-defendant. The record does not support this claim. It shows that, at Tillman's urging, the State was allowed to admit evidence of a prior conviction against Caldwell involving cocaine. Tillman's attorney sought to cross-examine the State's wit-

---

[3] *Morris v. State*, 204 Ga. App. 437 (1) (419 SE2d 733) (1992).
[4] *Stephens v. State*, 245 Ga. App. 823, 827 (8) (538 SE2d 882) (2000).
[5] *Holmes v. State*, 272 Ga. 517, 518 (2) (529 SE2d 879) (2000).
[6] *Stephens*, supra.

ness concerning whether Caldwell had also been in possession of a stolen weapon. The record reflects that the trial court sustained the State's objection to this question, on grounds that Caldwell had not been charged with possession of a stolen weapon and there was no evidence that Caldwell knew the weapon was stolen. It does not appear that this ruling would have been different if there had been a trial severance.[7] (2) Tillman also argues that he was damaged by Caldwell's testimony admitting his prior involvement with Montgomery in selling cocaine. We cannot agree. In his testimony, Caldwell implicated only himself and Montgomery in the drug sales. If anything, such testimony would have benefitted Tillman. (3) Finally, Tillman maintains that a severance should have been granted because his and Caldwell's defenses to the drug trafficking charges relating to the cocaine at the hotel room were antagonistic. Tillman, however, has not shown how he was prejudiced thereby. We do not find that the trial court abused its discretion in denying Tillman's motion for trial severance.

2. Tillman contends that the trial court erred in denying his motion to suppress the evidence recovered from the hotel room, because the warrant to search the room was obtained by use of involuntary incriminatory statements given by him to law enforcement officers.

> Under Georgia law, only voluntary incriminating statements are admissible against the accused at trial. OCGA § 24-3-50. . . . To make a confession admissible, it must have been made voluntarily, i.e., "without being induced by another by the slightest hope of benefit or remotest fear of injury." [Cits.] The "slightest hope of benefit" in OCGA § 24-3-50 means the hope of a lighter sentence. [Cit.][8]

Following Tillman's arrest, two detectives from the Stone Mountain Police Department interrogated him and obtained statements concerning the events that had transpired at Caldwell's house. After the interrogation had concluded, a sergeant with the Stone Mountain Police Department conducted another interview of Tillman and obtained statements concerning the cocaine in the hotel room.

Tillman claims that the detectives who conducted the initial interview obtained incriminatory statements from him by holding out hope that he would receive a lighter sentence if he confessed, by threatening to charge him with murder if Montgomery died and he did not confess, and by exploiting his fears of Caldwell. Because it

---

[7] Compare *Morris*, supra.
[8] *State v. Ray*, 272 Ga. 450 (2) (531 SE2d 705) (2000).

does not appear that the police used statements made by Tillman to the detectives in obtaining the warrant to search the hotel room, Tillman's challenge to the voluntariness of these statements provides no grounds for suppressing the evidence.

Tillman claims that incriminatory statements he made to the sergeant concerning the cocaine in the hotel room were not voluntary, because they were induced by offers from the sergeant to assist him with a reduction in his bail bond. It has been held, however, that this is not the type of "hope of benefit" to which OCGA § 24-3-50 refers.[9] The trial court's determination that Tillman gave the statements to the sergeant freely and voluntarily is not clearly erroneous.[10] Therefore, the court did not err in denying Tillman's motion to suppress.

3. (a) Tillman complains of the trial court's charge to the jury, in accordance with OCGA § 16-2-21, that a party to a crime who did not directly commit the crime may be convicted even though the person claimed to have directly committed the crime had not been convicted. This charge was authorized by evidence introduced during Tillman's cross-examination of Caldwell indicating that part of the cocaine in the hotel room may have belonged to Montgomery. And even if there were no evidence to support the charge, we fail to see how Tillman was harmed by it.

(b) Tillman complains of the trial court's refusal to give his request to instruct the jury, in accordance with a jury charge approved in *Williams v. State*,[11] that the law does not require a person exercising the right of self-defense to wait until an actual assault has occurred. We find no error because this concept was fairly embodied in the trial court's charge to the jury on the principles of self-defense set forth in OCGA § 16-3-21 (a) and on application of the reasonable person standard to the defense of self-defense.[12]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 22, 2001.

*Jennifer Snyder-Surges*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth*

---

[9] See *Pounds v. State*, 189 Ga. App. 809, 810 (1) (377 SE2d 722) (1989).
[10] See, e.g., *Leigh v. State*, 223 Ga. App. 726, 727 (1) (478 SE2d 905) (1996).
[11] 120 Ga. 870, 873 (3) (48 SE 368) (1904).
[12] *Williams v. State*, 245 Ga. App. 670-671 (1) (538 SE2d 544) (2000).

G. *Macnamara, Robert M. Coker, Assistant District Attorneys*, for appellee.