## A03A1308. JACKSON v. THE STATE.
(585 SE2d 745)

ELLINGTON, Judge.

A Chatham County jury found Solomon Jackson guilty of armed robbery, OCGA § 16-8-41, aggravated assault, OCGA § 16-5-21, and possession of a firearm during the commission of a felony, OCGA § 16-11-106. Jackson appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence, the voluntariness of his custodial statement, the effectiveness of his trial counsel, and the admission of certain evidence. Finding no error, we affirm.

---

[21] *Ins. Co. of Pennsylvania. v. Giles*, 196 Ga. App. 271, 273 (2) (395 SE2d 833) (1990).

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On the night of March 17, 1997, Jackson and two masked accomplices entered a convenience store in Savannah. Jackson, who was not masked, held a chrome revolver in his left hand, pointed it at the store's two clerks, and demanded money from the registers. Jackson and his accomplices took about $1,200 and fled on foot down a side alley, leaving a trail of dropped cash. A witness pursued the robbers briefly, but stopped when Jackson turned and shot at him.

Several witnesses positively identified Jackson as the robber both at trial and during a preliminary hearing. Jackson's image was also captured on the store's surveillance video. The videotape was admitted into evidence and played for the jury. Further, during a videotaped, custodial interview, Jackson told investigators he committed the robbery to get money to pay his drug debts. Jackson, who is left-handed, also volunteered that he used a chrome revolver to effect the robbery. The videotape of the interview was also admitted into evidence and played for the jury.

We find this evidence sufficient to enable a rational trier of fact to find Jackson guilty of the offenses charged beyond a reasonable doubt. *Clark v. State*, 226 Ga. App. 176, 177 (1) (486 SE2d 393) (1997).

2. Jackson contends his custodial statement was involuntary because he was intoxicated and because the investigators coerced his confession with promises of a bail bond. The State bears the burden of demonstrating the voluntariness of a confession by a preponderance of the evidence. *State v. Ritter*, 268 Ga. 108, 110 (1) (485 SE2d 492) (1997). Factual and credibility determinations of the trial court after a voluntariness hearing must be accepted by the appellate courts unless those determinations are clearly erroneous. Id. at 108.

During the pre-trial *Jackson-Denno*[1] hearing, the court heard testimony from Jackson and the interviewing detective and also watched the videotape of the custodial interrogation. Jackson claimed he was "outside of [his] head" from smoking marijuana and drinking when the detectives arrested him at his house and took him to the police barracks. However, the videotaped custodial interview belies this statement as it depicts a sober Jackson wearing a jail uniform. Apparently Jackson was arrested on an outstanding warrant and was later transported to the barracks from the jail. The interviewing detective, who is trained as an emergency medical technician, testified that he saw no sign Jackson had been using marijuana or alcohol or was otherwise impaired. Further, the trial court viewed the video and determined: "[T]here's no evidence of any intoxication on the . . . tape at all. It's perfectly clear. He answered all the questions, responded appropriately."

Jackson also contends he was improperly induced into confessing because the detectives promised to help him get a bond if he was cooperative and truthful about the robbery and the identities of his accomplices. The record shows, however, that the detectives only promised to tell the judge and the prosecutor that Jackson was being cooperative, which might increase his chances of getting a bond. They told Jackson they could not guarantee anything.

Under Georgia law, only voluntary incriminating statements are admissible against the accused at trial. OCGA § 24-3-50. "When not made freely and voluntarily, a confession is presumed to be legally false and cannot be the underlying basis of a conviction." (Citation omitted.) *State v. Ritter*, 268 Ga. at 109 (1). A confession must be made " 'without being induced by another by the slightest hope of benefit or remotest fear of injury.' " Id. The phrase "hope of benefit" generally means the reward of a lighter sentence. *Arline v. State*, 264 Ga. 843 (2) (452 SE2d 115) (1995). This court has held that the promise of reduced bond is a "collateral benefit" that will not bar a confession under OCGA § 24-3-51.[2] *Tillman v. State*, 251 Ga. App. 330, 332 (2) (554 SE2d 305) (2001); *Pounds v. State*, 189 Ga. App. 809, 810 (1) (377 SE2d 722) (1989). Moreover, it is well established that a police officer is not offering a hope of benefit by telling a suspect that his cooperation and truthfulness will be made known to others. *Gilliam v. State*, 268 Ga. 690, 692 (3) (492 SE2d 185) (1997); *Evans v. State*, 248 Ga. App. 99, 102 (2) (545 SE2d 641) (2001).

The record shows that the State met its burden of proving by a preponderance of the evidence that Jackson's statement was freely

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[2] OCGA § 24-3-51 provides: "The fact that a confession has been made under a spiritual exhortation, a promise of secrecy, or a promise of collateral benefit shall not exclude it."

and voluntarily given. Jackson was informed of and understood his rights, he signed a waiver form, and he agreed to speak with the police without the benefit of counsel. The record does not support an inference that he was intoxicated or that he was offered any hope of benefit in exchange for his confession.

3. Jackson contends the trial court erred in allowing the State to elicit through the testimony of a police investigator a nontestifying witness's hearsay statement identifying Jackson as the robber. The investigator, reading from his partner's report, testified that the witness — who at the time was a potential suspect — saw Jackson and his accomplices running from the convenience store. The State, over Jackson's objection, had the investigator read this statement after Jackson pursued a line of questioning pertaining to other suspects to the robbery that the police allegedly failed to investigate. Jackson, during his earlier cross-examination of the investigator, had established by reference to the police report that the witness told the investigators he was at the convenience store when the robbery occurred.

Pretermitting whether the complained-of hearsay statement was admissible under the so-called rule of completeness,[3] we find that it was harmless beyond a reasonable doubt given that it was cumulative of other positive witness identifications, Jackson's own confession, and the videotape depicting him robbing the store — all of which overwhelmingly established his guilt. See *White v. State*, 258 Ga. App. 546, 548 (2) (574 SE2d 629) (2002).

4. Jackson contends the trial court erred in admitting over his objection a portion of his videotaped custodial interview in which the investigator, who was attempting to determine the identity of Jackson's accomplices, informed Jackson that an anonymous tipster identified him and an accomplice named "Yummy" as the robbers. In the context of the custodial interview, the tipster's statement was not offered for "the truth of the matter asserted therein . . . thus resting for its value upon the credibility of the out-of-court asserter." (Punctuation and footnote omitted.) *Head v. State*, 276 Ga. 131, 134 (4) (575 SE2d 883) (2003); McCormick, Evidence, § 246, p. 584. Accord OCGA § 24-3-1. Rather, the investigator was using the statement,

---

[3] The rule of evidence is, that when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion. (Citations and punctuation omitted.) *Fitzgerald v. State*, 201 Ga. App. 361, 363 (2) (411 SE2d 102) (1991); see OCGA § 24-3-38.

which does not have to be true,[4] to provoke a response from Jackson. Finally, even if the admission of this statement was error, it was harmless beyond a reasonable doubt in light of the overwhelming evidence of Jackson's guilt. See Division 3, supra.

5. Jackson contends the trial court erred in admitting those portions of his custodial statement where he said he was motivated to commit the robbery to pay his drug debts and that he used the robbery proceeds to buy drugs. Contrary to Jackson's assertion, this evidence was not rendered inadmissible because it incidentally placed his character in evidence. It was relevant both to show motive and to explain where the robbery proceeds went. *Johnson v. State*, 260 Ga. 457 (2) (396 SE2d 888) (1990). Moreover, it was part of an otherwise voluntary confession. It has long been the law in this state that no valid objection exists "to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense." (Citations omitted.) *Reed v. State*, 197 Ga. 418, 419-420 (6) (29 SE2d 505) (1944).

6. Jackson contends the trial court erred in admitting the identification testimony of a witness because it lacked probative value and improperly invaded the province of the jury. The witness testified that he saw an excerpt of the store's surveillance video on a local television broadcast, recognized the robber in the video as one of his neighbors, Jackson, and called the police to report this information. This testimony tended to prove that Jackson was the person in the video and explained how the police located Jackson as a suspect. Consequently, it was both relevant and probative. Evidence is relevant if it logically tends to prove, disprove, or shed light upon any material fact at issue in a case. *McGee v. State*, 267 Ga. 560, 565 (480 SE2d 577) (1997).

We cannot accept Jackson's argument that the witness's identification was improper opinion testimony that invaded the province of the jury. Assuming the testimony is "opinion" testimony, whether Jackson was the person in the video is nevertheless solely a question of fact; therefore, the witness's opinion testimony as to the identity of the person in the video does not improperly resolve an ultimate issue reserved for the jury. See *Nichols v. State*, 177 Ga. App. 689, 693 (2) (340 SE2d 654) (1986) ("If the witness is asked to draw an inference of fact from data observed by him or presented by other witnesses, this would be a proper instance where opinion evidence is admissible."); see also Agnor's Georgia Evidence § 9-3, 201-204 (3rd ed.).

---

[4] The use of trickery and deceit to obtain a confession does not render the confession inadmissible so long as " 'the means employed are not calculated to procure an untrue statement.' " *Moore v. State*, 230 Ga. 839, 840 (1) (199 SE2d 243) (1973).

7. Jackson contends he is entitled to a new trial because he did not receive effective assistance of trial or appellate counsel. Jackson claims his trial counsel was unprepared and failed to call an alibi witness. Jackson also contends the attorney who represented him at his motion for new trial hearing was ineffective for failing to call him as a witness at that hearing.

To prevail on a claim of ineffective assistance of counsel, Jackson must show that his counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). To show prejudice on his ineffective assistance of appellate counsel claim, Jackson must show how the outcome of his appeal would have been different. *Nelson v. Hilton*, 275 Ga. 792, 794 (573 SE2d 42) (2002). Further, Jackson must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999). The trial court's findings with respect to effective assistance of counsel will be affirmed unless those findings are clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996).

The trial court heard the testimony of Jackson's trial attorney during the motion for new trial hearing. The attorney testified that he met with Jackson on several occasions and kept detailed notes and tape recordings of their meetings. He viewed the videotape of the robbery and discussed a plea offer with the prosecutor and Jackson. He filed discovery motions and motions to suppress evidence. The attorney interviewed witnesses, but could find none upon which to base an alibi defense. Jackson made no argument below or in his appellate brief suggesting how his trial attorney should have been better prepared or what his alibi witness would have said had she testified. The record fails to show that trial counsel's performance was deficient. See *Spencer v. State*, 275 Ga. 192, 193 (2) (563 SE2d 839) (2002). Rather, the evidence amply supports the court's finding that the attorney was effective.

Jackson also asserts that his first appellate counsel was ineffective because he failed to have him transported from jail to court for the hearing on his motion for new trial "to rebut any of the statements made by trial counsel." Jackson, however, neither reveals which statements he would have rebutted nor has he explained how the outcome of his appeal would have been different if he had been present in court. His brief contains no citation to the record and is completely devoid of legal analysis. We must conclude, therefore, that Jackson has failed to carry his burden on appeal of demonstrating

that error occurred. See generally *Henderson v. State*, 251 Ga. 398, 402 (2) (306 SE2d 645) (1983).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JULY 18, 2003.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Patricia P. Stone, Assistant District Attorneys*, for appellee.